**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

June 23, 2026

. CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
                              DEPUTY

| | | |
|---|---|---|
| **ULISES GABRIEL HERNANDEZ GONZALEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL NO. SA-26-CV-3460-OLG** |
| **v.** | § | |
| | § | |
| **MIGUEL VERGARA** *et al.,* | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Before the Court is Petitioner Ulises Gabriel Hernandez Gonzalez's Amended Petition for Writ of Habeas Corpus (Dkt. No. 4), to which Respondents filed a response (Dkt. No. 5), and Petitioner filed a reply (Dkt. No. 6). Petitioner is a native of Mexico who was temporarily admitted to the United States on a visitor visa. *See* Dkt. No. 5-2 at 1. However, he remained beyond the authorized period. *Id.* When encountered by immigration authorities in 2026, he was arrested and placed in removal proceedings. *Id.* Petitioner received a bond hearing on May 19, 2026, during which the immigration judge ("IJ") determined that he posed a flight risk. *See* Dkt. No. 5-1 at 1. Petitioner initiated this habeas action thereafter challenging the IJ's bond determination. *See* Dkt. No. 4.[1]

As Respondents correctly point out, *see* Dkt. No. 5 at 3–4, the Court is precluded from reviewing the IJ's bond determination. Under 8 U.S.C. § 1226(e), the "Attorney General's discretionary judgment . . . shall not be subject to review. No court may set aside any action or

---

[1] Petitioner also purports to assert a claim under the Administrative Procedure Act, *see* Dkt. No. 4 at 6, but because he did not pay the filing fee for non-habeas claims, his APA claim is not properly before the Court. *See Ndudzi v. Castro,* No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief."). This claim will accordingly be dismissed without prejudice.

decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Therefore, § 1226(e) strips the Court of jurisdiction to review the IJ's factual findings. *E.g.*, *Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *R. & R. adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025); *Hernandez-Azuaje v. Hyde*, No. 25-CV-13224, 2026 WL 221833, at *1 (D. Mass. Jan. 28, 2026). Because the Court lacks jurisdiction to review the IJ's determination that Petitioner poses a flight risk, the habeas claims asserted herein are **DISMISSED WITHOUT PREJUDICE.**[2]

Petitioner's non-habeas claim is also **DISMISSED WITHOUT PREJUDICE.**

This case is **CLOSED.**

**IT IS SO ORDERED.**

**SIGNED** on June ____23____, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[2]Of course, if Petitioner becomes subject to an administratively final order of removal, the duration of his detention will be subject to a due-process-based limitation in that his post-removal-period detention may last no longer than "reasonably necessary to bring about his removal." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)). That is so because "post-removal-period detention, unlike detention pending a determination of removability . . . , has no obvious termination point." *Zadvydas*, 533 U.S. at 697.

2